CINQUE & CINQUE, P. C.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: 212-759-5515
Telefax:    212-759-7737
E-mail:    CINQUE845@aol.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DIPLOMATIC MAN, INC.,

                Plaintiff,

   -against-

NIKE, INC.,

                Defendant.

-----------------------------------------------------------X

JUDGE LYNCH

08 CV 0139

ECF Case

COMPLAINT

Jury Trial Demanded

    Plaintiff Diplomatic Man, Inc., by its attorneys Cinque & Cinque, P. C., for its complaint alleges:

### JURISDICTION AND PARTIES

    1. This action arises under the Copyright Act of the United States (17 U.S.C. §101, et seq.). The Court has exclusive jurisdiction over this action under §1338(a) of

the Judicial Code (28 U.S.C. §1338(a)).

2. Plaintiff Diplomatic Man, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey, and is engaged <u>inter alia</u> in the business of music publishing and production of sound recordings.

3. Defendant Nike, Inc. ("Nike") is a corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon, and is engaged <u>inter alia</u> in the business of manufacturing and distributing footwear and apparel. Nike does, and is authorized to do, business in the State of New York.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

4. Pursuant to the terms of an agreement dated as of April 1, 2002 (the "Agreement") between Plaintiff and the recording artist LaRon James ("James"), professionally known as Juelz Santana, Plaintiff is entitled to the exclusive service of James as a recording artist for the purpose of making sound recordings.

5. In 2007 James recorded a musical composition entitled "The Second Coming." The sound recording of "The Second Coming" as performed by James will be referred to as the "Sound Recording."

6. Pursuant to the terms of the Agreement, which is in full force and effect today,

all sound recordings of James are the sole property of Plaintiff, and Plaintiff has the exclusive right to copyright such sound recordings in its name as the owner and author thereof.

7. Plaintiff is the sole owner of the copyright in the Sound Recording.

8. The product of James' services as a recording artist and performer in the Sound Recording resulted from independent creation by James of intellectual property and subject matter copyrightable under the Copyright Laws of the United States.

9. The Sound Recording contains copyrightable subject matter under the Copyright Laws of the United States.

10. On or about December 31, 2007 Plaintiff registered a claim to copyright in the Sound Recording with the United States Copyright Office, which issued registration number SRu 866-214.

11. Nike has in the Southern District of New York and throughout the United States exploited the Sound Recording by incorporating it as the centerpiece in a national advertising campaign for Nike's product line known as "Air Force 25," including but not limited to advertisements featuring National Basketball Association All-Stars.

12. Advertisements containing the Sound Recording contributed to the profitable introduction of the "Air Force 25" line of products.

13. Nike's exploitation of the Sound Recording has occurred without authorization or permission from Plaintiff and constitutes infringement of Plaintiff's copyright in the Sound Recording.

14  The acts and omissions of Nike are willful and intentional acts of infringement of Plaintiff's copyright in the Sound Recording.

15  Nike continues to exploit the Sound Recording and unless enjoined by this Court will continue to infringe Paintiff's copyright in the Sound Recording.

WHEREFORE Plaintiff demands relief as follows:

(a) that Nike be required to pay to plaintiff such damages as have been sustained as a consequence of Nike's infringement of the copyright in the Sound Recording and to account to Plaintiff for all gains, profits and advantages derived by Nike from such infringement, including but not limited to the fair market value of Nike's use of the Sound Recording plus Nike's profits generated by sales of the "Air Force 25" line of products;

(b) that Nike, its agents, servants, employees, successors and assigns be preliminarily enjoined during the pendency of this action and permanently thereafter from infringing the copyright in the Sound Recording in any manner;

( c) that Nike be required to pay Plaintiff the costs and disbursements of this action, and

(d) that Plaintiff have such other and further relief as the Court may deem just and proper.

DATED: NEW YORK, NEW YORK
JANUARY 7, 2008

CINQUE & CINQUE, P. C.

By: /s/ James P. Cinque
James P. Cinque (JPC-3673)
Attorneys for Plaintiff
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: 212-759-5515
Telefax:    212-759-7737
E-mail:     CINQUE845@aol.com