Marshall Beil (MB-0992)
McGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY 10105
212 548 7004
mbeil@mcguirewoods.com

B. Trent Webb (admitted *pro hac vice*)
Adam P. Seitz (admitted *pro hac vice*)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
816-474-6550

*Attorneys for Nike, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| DIPLOMATIC MAN, INC., | : |
| Plaintiff, | :: |
| | : Civil Action No. 08 Civ 0139 (GEL) |
| vs. | |
| | :: |
| NIKE, INC., | : **ANSWER TO COMPLAINT, COUNTERCLAIMS, AND THIRD** |
| Defendant, Counter-Claimaint and Third-Party Plaintiff, | :: **PARTY COMPLAINT** |
| | :: |
| vs. | : **Jury Trial Demanded** |
| LaRON JAMES a/k/a JUELZ SANTANA and SANTANA'S WORLD, | :: |
| | : |
| Third-Party Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Nike, Inc. ("Nike"), by its attorneys, hereby answers Diplomatic Man, Inc.'s ("Plaintiff") Complaint as follows:

-2-

**JURISDICTION AND PARTIES**

1. Nike admits that this action has been characterized by Plaintiff as an action arising under 17 U.S.C. §§ 101, *et seq*. Nike admits that this Court has jurisdiction of this action under 28 U.S.C. §1338(a). Nike denies, however, that Plaintiff's Complaint sets forth any meritorious cause of action.

2. Nike is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Nike admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**

4. Nike is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. Nike admits that James recorded a musical composition entitled "The Second Coming." Nike is without sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Nike is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. Nike denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Nike denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Nike is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Nike is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Nike admits that, pursuant to a contract signed with James, it used portions of the song "The Second Coming" in its advertising campaign for the "Air Force 25" product line. Nike also admits that certain advertisements for the product line included National Basketball Association All-Stars. Nike denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Nike is without sufficient information or knowledge to form an opinion as to the veracity of the allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Nike denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Nike denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Nike denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint and further denies that Plaintiff is entitled to injunctive relief or any other relief in connection with this action.

To the extent that any allegation contained in Plaintiff's Complaint has not been specifically admitted herein, it is hereby denied. Nike further denies any allegations that may be implied by or inferred from the headings of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

16. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of estoppel.

### SECOND AFFIRMATIVE DEFENSE

17. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

18. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

19. The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

20. The relief sought by Plaintiff is barred by an express license given to Nike.

### SIXTH AFFIRMATIVE DEFENSE

21. The relief sought by Plaintiff is barred by an implied license.

### SEVENTH AFFIRMATIVE DEFENSE

22. The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of unjust enrichment.

WHEREFORE, Nike respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice; that judgment be entered against Plaintiff and in favor of Nike; that Nike be awarded its costs and disbursements, including reasonable attorneys' fees incurred in connection with the defense of this action; and that the Court award such other and further relief as the Court deems appropriate.

## NIKE'S COUNTERCLAIMS

For its Counterclaims against Plaintiff, Nike alleges as follows:

1. Nike, Inc. is a corporate organized and existing under the laws of the State of Oregon with its principal place of business in Oregon.

2. Upon information and belief, Plaintiff Diplomatic Man, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Nike's counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and Rule 13 of the Federal Rules of Civil Procedure.

4. Based on Plaintiff's Complaint against Nike, Nike's Answer thereto, and the factual background set forth below, there exists an actual and justiciable controversy between Plaintiff and Nike.

5. Venue is proper in this judicial district pursuant to, *inter alia*, 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. On or around November 6, 2006, Nike entered into an agreement with Justin Smith (a/k/a Just Blaze) to produce the music for a full-length single original sound

recording to be used in Nike's Air Force 25 marketing campaign (hereinafter the "Blaze Agreement"). The Blaze Agreement gave Nike an express global license to use the sound recording and the musical composition in connection with Nike's Air Force 25 marketing campaign.

7. On or around November 7, 2006, Nike entered into an agreement with LaRon James (a/k/a Juelz Santana) to create the lyrics for a full-length single original sound recording, which would be a collaboration with Just Blaze, to be used in Nike's Air Force 25 marketing campaign (hereinafter the "Santana Agreement"). The Santana Agreement gave Nike an express global license to use the sound recording and the musical composition in connection with Nike's Air Force 25 marketing campaign.

8. The collaboration between Just Blaze and James resulted in the musical composition and sound recording, "The Second Coming," that was featured in Nike's Air Force 25 marketing campaign (hereinafter "Sound Recording").

9. The Santana Agreement contained a warranty provision whereby Santana and/or his agent warranted the following,

> Artist represents and warrants that he is free to enter into this agreement, perform all of the requested services and grant all necessary rights. He will secure all necessary releases from his record label, music publisher, and/or any other entity required to perform his obligations under this agreement.

10. James and/or his agent repeatedly informed Nike that the necessary releases to perform under the agreement had been and/or would be secured.

11. On or around November 20 through November 22, 2006, James and Just Blaze recorded the Sound Recording in the studio.

-6-

12. Shortly thereafter, Nike shot footage for a "making of" video that featured Just Blaze and James, along with other individuals present in the studio at the time of the recording.

13. Upon information and belief, Plaintiff's CEO Cameron Giles (aka Cam'ron) was aware of James' agreement with Nike, was present in the studio during some or all of the filming of the "making of" video, knew or should have known of Nike's intended use for the Sound Recording, and did not object to, or prevent, James from creating the Sound Recording.

## COUNT I: DECLARATION OF CO-OWNERSHIP OF COPYRIGHT

14. Nike repeats and incorporates by reference the averments set forth in Counterclaim Paragraphs 1-13 as though fully set forth herein.

15. Pursuant to the terms of the Blaze Agreement, Just Blaze collaborated with James to produce the Sound Recording to be used in Nike's Air Force 25 marketing campaign.

16. The product of Just Blaze's services as a music producer in the Sound Recording resulted from independent creation by Just Blaze of intellectual property and subject matter copyrightable under the Copyright Laws of the United States.

17. Pursuant to the terms of the Blaze Agreement and the Santana Agreement, Just Blaze and James intended to be joint authors of the Sound Recording.

18. By reason of the foregoing, Nike is entitled to a declaratory judgment that Just Blaze is a co-owner of any alleged copyright in the Sound Recording.

## COUNT II: DECLARATION OF EXISTENCE OF EXPRESS LICENSE

19. Nike repeats and incorporates by reference the averments set forth in Counterclaim Paragraphs 1-18 as though fully set forth herein.

20. By the express terms of the Santana Agreement and/or the Blaze Agreement, Nike had a valid and enforceable express license to use the Sound Recording and the musical composition.

21. By reason of the foregoing, Nike is entitled to a declaratory judgment stating that Nike had an express license to use the Sound Recording and the musical composition in its Air Force 25 marketing campaign.

**COUNT III: (IN THE ALTERNATIVE) DECLARATION OF EXISTENCE OF AN IMPLIED LICENSE**

22. Nike repeats and incorporates by reference the averments set forth in Counterclaim Paragraphs 1-21 as though fully set forth herein.

23. Nike had an implied license to use the Sound Recording and the musical composition in its Air Force 25 marketing campaign.

24. Nike requested that the Sound Recording and the musical composition be composed and recorded for its Nike Air Force 25 marketing campaign.

25. On information and belief, Plaintiff, Cam'Ron, and/or a representative for Plaintiff was aware of James' agreement with Nike, was present in the studio during some or all of the filming of the "making of" video, knew or should have known of Nike's intended use for the Sound Recording, and did not object to, or prevent, James from creating the Sound Recording.

26. On information and belief, James' recording company, Island Def Jam Music Group, was aware of and consented to Nike's intended use of the Sound Recording and the musical composition.

27. By and through words, actions, and/or omissions of Plaintiff, Cam'Ron, and/or Island Def Jam Music Group, a valid and enforceable implied license existed allowing Nike to use the Sound Recording and the musical composition.

28. By reason of the foregoing, Nike is entitled to a declaratory judgment stating that Nike has an implied license for the use of the Sound Recording and the musical composition.

### COUNT IV: UNJUST ENRICHMENT

29. Nike repeats and incorporates by reference the averments set forth in Counterclaim Paragraphs 1-26 as though fully set forth herein.

30. Plaintiff and/or its representative was aware of James' agreement with Nike, was present in the studio during some or all of the filming of the "making of" video, knew or should have known of Nike's intended use for the Sound Recording, and did not object to, or prevent, James from creating the Sound Recording. Upon information and believe, Plaintiff received tangible and intangible benefits from Nike's use of the Sound Recording through the international exposure that James received from his participation in Nike's Air Force 25 marketing campaign.

31. Upon information and belief, Plaintiff appreciated and/or had knowledge that such international exposure for James resulted in tangible and intangible benefits to Plaintiff.

32. Plaintiff now unjustly seeks damages from Nike's use of the Sound Recording despite the benefits Plaintiff received and retained as a result of the use.

WHEREFORE, Nike respectfully requests judgment as follows:

A. That judgment be entered in favor of Nike and against Plaintiff;

B. That Plaintiff's Complaint be dismissed with prejudice;

      C.      That Just Blaze be declared a co-owner of the copyright for the Sound Recording;

      D.      That the Court declare that Nike had a valid and enforceable license, express or implied, for its use of the Sound Recording and the musical composition;

      E.      That the Court determine that Plaintiff was unjustly enriched and Nike be compensated for such unjust enrichment in an amount to be determined at trial;

      F.      That Nike be awarded its costs and disbursements, including attorneys' fees, incurred in connection with this action; and

      G.      That the Court award such other legal and equitable relief as the Court may deem proper and just.

## THIRD PARTY COMPLAINT

For its Third Party Complaint against LaRon James (a/k/a Juelz Santana) and Santana's World (collectively, "the Santana Defendants"), Nike hereby states and alleges as follows:

### JURISDICTION AND PARTIES

1. On or about January 8, 2008, Plaintiff Diplomatic Man, Inc. filed the above-captioned case in the Southern District of New York against Nike alleging that Nike infringed upon its exclusive copyright of the sound recording titled "The Second Coming" (hereinafter "Sound Recording"). Plaintiff alleges that the Sound Recording is its sole and exclusive property and that Nike used the Sound Recording without obtaining proper authorization to do so. Nike, however, asserts that it secured authorization through, at least, its agreement with the Santana Defendants.

2. According to Plaintiff's original complaint, it is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. On information and belief, Plaintiff conducts business in the state of New York and in this judicial district.

3. Nike is a corporation organized under the laws of the state of Oregon with its principal place of business in Oregon. Nike is authorized to do business and does business in the state of New York and in this judicial district.

4. Upon information and belief, James is a natural person residing in New York, New York, and conducts business in the state of New York and in this judicial district and thus is subject to personal jurisdiction in this judicial district.

5. Upon information and belief, Santana's World is a company located in Bergenfield, New Jersey with its principle place of business at 378 S. Washington Avenue, Bergenfield, New Jersey, 07621, and systematically and continuously conducts business in the State of New York and in this judicial district.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims alleged herein.

7. Venue is proper in this district because James resides in this district and conducts business in this judicial district, because Santana's World conducts business in this judicial district, and because the actions that give rise to this Third Party Complaint took place in this judicial district.

**ALLEGATIONS COMMON TO ALL COUNTS**

8. On or around November 7, 2006, Nike entered into an agreement with James to create the lyrics for a full-length single original sound recording, which would be a

collaboration with Justin Smith (a/k/a Just Blaze), to be used in Nike's Air Force 25 marketing campaign (hereinafter the "Santana Agreement"). The Santana Agreement gave Nike an express global license to use the sound recording and the musical composition in connection with Nike's Air Force 25 marketing campaign.

9. The collaboration between Just Blaze and James resulted in the sound recording, "The Second Coming" that was featured in Nike's Air Force 25 marketing campaign (hereinafter "Sound Recording").

10. The Santana Agreement contained a warranty provision whereby James and/or his agent warranted the following,

> Artist represents and warrants that he is free to enter into this agreement, perform all of the requested services and grant all necessary rights. He will secure all necessary releases from his record label, music publisher, and/or any other entity required to perform his obligations under this agreement.

11. The Santana Defendants and/or their agent, repeatedly informed Nike that the necessary releases to perform under the agreement had been and/or would be obtained.

12. On or around November 20 through November 22, 2006, James and Just Blaze recorded the Sound Recording in the studio.

13. On January 8, 2008, Plaintiff filed a lawsuit against Nike claiming that Nike used the Sound Recording without authorization or permission from Plaintiff, and alleging that Nike had infringed Plaintiff's copyright in the Sound Recording.

**COUNT I: BREACH OF CONTRACT**

14. Nike repeats and incorporates by reference the averments set forth in Third Party Complaint Paragraphs 1-13 as though fully set forth herein.

15. The Santana Agreement contained a warranty provision whereby James and/or his agent warranted that James "is free to enter into this agreement, perform all services

2845882v2

and grant all necessary rights" and that he "will secure all necessary releases" required to perform his obligation under the Santana Agreement.

16. In accordance with the Santana Agreement, Nike paid the Santana Defendants monetary consideration for the services rendered.

17. Upon information and belief, if Plaintiff's allegations in its Complaint in this action are true, then unbeknownst to Nike, the Santana Defendants were not "free to enter into this agreement, perform all requested services and grant all necessary rights" because the Santana Defendants failed to obtain the necessary releases as warranted in the Santana Agreement. The Santana Defendants failure to obtain the necessary releases constitutes a breach of the warranty provision in the Santana Agreement, resulting in the current lawsuit filed by Plaintiff for copyright infringement.

18. Nike has been damaged by the Santana Defendants' apparent breach of the warranty provision in the Santana Agreement by having to defend itself against the copyright infringement action filed by Plaintiff, and Nike may be further damaged by any potential judgment assessed against Nike in this lawsuit.

**COUNT II: FRAUDULENT INDUCEMENT**

19. Nike repeats and incorporates by reference the averments set forth in Third Party Complaint Paragraphs 1-18 as though fully set forth herein.

20. On or around October 30, 2006, Nike requested the Santana Defendants confirm that they had obtained consent from the record label and publisher to enter into the agreement with Nike. On or around November 2, 2006, Nike again discussed the warranty provision with the Santana Defendants' agent and informed him that the deal could not proceed unless he obtained all necessary releases required in the Santana Agreement.

2845882v2

21. The Santana Defendants and/or their representatives repeatedly responded, represented, and warranted to Nike that they had obtained all necessary releases for James to perform his obligations under the Santana Agreement.

22. The Santana Agreement with the warranty provision was executed on November 7, 2006.

23. On information and belief, if the allegations of Plaintiff in its Complaint in this action are true, then the Santana Defendants, during negotiations and at the time the Santana Agreement was executed, knew they had not obtained the necessary releases, but fraudulently represented to Nike that the necessary releases had been obtained and that James was "free to enter into this agreement, perform all requested services and grant all necessary rights."

24. On information and belief, if the allegations of Plaintiff in its Complaint in this action are true, then the Santana Defendants produced the Sound Recording despite knowingly failing to obtain the necessary releases under the Santana Agreement.

25. During negotiations and in deciding to execute the Santana Agreement and proceed with its use of the Sound Recording in its Air Force 25 marketing campaign, Nike relied upon the statements, representations, and warranties from the Santana Defendants that they had obtained the necessary releases and were "free to enter into the agreement, perform all requested services and grant all necessary rights."

26. According to Plaintiff's Complaint, the Santana Defendants did not obtain the permission or authorization of Plaintiff to use the Sound Recording in Nike's Marketing campaign.

27. Nike is now engaged in a lawsuit with Plaintiff over alleged copyright infringement because the Santana Defendants, upon information and belief, fraudulently represented that they had obtained the necessary releases.

28. Nike has been injured by having to defend itself in the lawsuit filed by Plaintiff and may be further damaged by any potential judgment assessed against Nike in such lawsuit.

## COUNT III: UNJUST ENRICHMENT

29. Nike repeats and incorporates by reference the averments set forth in Third Party Complaint Paragraphs 1-28 as though fully set forth herein.

30. In the event the Court does not find a valid and enforceable contract existed between Nike and the Santana Defendants, Nike seeks damages under the theory of unjust enrichment.

31. The Santana Defendants were aware that Nike was using the Sound Recording for its Air Force 25 marketing campaign.

32. The Santana Defendants knew or should have known that they were responsible for obtaining the necessary releases from all interested parties under the Santana Agreement.

33. The Santana Defendants, both personally and through their representatives and/or agents, made numerous, repeated assurances that they had obtained all necessary releases.

34. Despite the repeated assurances, upon information and belief, if the allegations of Plaintiff in its Complaint in this action are true, then the Santana Defendants failed to obtain the necessary releases.

35. The Santana Defendants made the Sound Recording and allowed it to be used by Nike in its Air Force 25 marketing campaign, which conferred both tangible and intangible benefits on the Santana Defendants beyond the payments made by Nike to defendants including, without limitation, the international exposure of the marketing campaign and the Sound Recording.

36. Upon information and belief, the Santana Defendants appreciated and/or had knowledge that such international exposure resulted in tangible and intangible benefits to the Santana Defendants.

37. Nike has been harmed by the Santana Defendants actions because it is now engaged in a lawsuit with Plaintiff for alleged copyright infringement due to the failure of the Santana Defendants to obtain the necessary releases.

WHEREFORE, Nike respectfully requests judgment as follows:

A. That judgment be entered in favor of Nike and against the Santana Defendants;

B. That Nike be awarded damages in the amount equal to all damages, losses and expenses awarded against and/or suffered by Nike in connection with the lawsuit filed against it by Plaintiff Diplomatic Man, Inc. including, but not limited to, any and all amounts that Nike is required to pay Plaintiff by judgment, settlement or otherwise.

C. That Nike be awarded its costs and disbursements, including attorneys' fees, incurred in connection with its defense of Plaintiff Diplomatic Man's copyright infringement action, and all other costs and disbursements herein; and

D. That the Court award such other legal and equitable relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Nike hereby demands a jury trial on all issues so triable in connection with the complaint and answer, Nike's counter-claims and Nike's third-party complaint.

Dated:  New York, New York
        March 1, 2008

                                          _/s/ Marshall Beil_____
                                          Marshall Beil (MB-0992)
                                          McGUIREWOODS LLP
                                          1345 Avenue of the Americas
                                          Seventh Floor
                                          New York, NY 10105
                                          212 548-7004  Telephone
                                          212 715-2319  Facsimile

                                                     and

                                          B. Trent Webb (admitted *pro hac vice*)
                                          Adam P. Seitz (admitted *pro hac vice*)
                                          SHOOK, HARDY & BACON LLP
                                          2555 Grand Blvd.
                                          Kansas City, Missouri 64108-2613
                                          816-474-6550 Telephone
                                          816-421-5547 Facsimile

                                          *Attorneys for Defendant, Counter-Claimant and Third-party Plaintiff, Nike, Inc.*